**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KEITH D. BREWER
ADC # 143434                                                                                            PLAINTIFF

V.                                           5:09-cv-00178-JLH-JJV

BOWMAN, Dr., Correctional Medical Services;
ARKANSAS DEPARTMENT OF
CORRECTION; CORRECTIONAL MEDICAL
SERVICES; and RORY GRIFFIN, Health Services
Administrator, Correctional Medical Services                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate of the Arkansas Department of Correction housed at the Cummins Unit, filed this action alleging deliberate indifference to his serious mental health needs. He contends he has been denied needed psychotropic medications, including lithium, despite having been diagnosed with bi-polar disorder prior to entering the prison system; that he was injured as a result of having been assigned to work beyond his physical limitations; and that he has not been treated for chronic Hepatitis C and unspecified "digestive disease." The Correctional Medical Services Defendants have filed Motions for Summary Judgment (Doc. Nos. 22 & 60) on the grounds that Plaintiff has failed to exhaust his administrative remedies. That motion has been adopted by reference by the Arkansas Department of Correction. Plaintiff has filed numerous pleadings in response, including "Motions for Default Judgment" against Defendants for allegedly failing to comply with Plaintiff's discovery requests. Plaintiff has also argued that he is not required to exhaust administrative

remedies because neither Defendants Dr. Bowman, Rory Griffin, nor Correctional Medical Services are "state actors"; that the exhaustion requirements do not apply to his claims because he is not challenging "prison conditions"; and Correctional Medical Services does not have a grievance procedure to pursue. Because Plaintiff has not exhausted his administrative remedies, which are necessary steps to bringing a § 1983 claim in federal court, the Court recommends that Plaintiff's claims be DISMISSED without prejudice.

## I.     Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, the Court should view the facts in a light most favorable to the non-moving party and give the nonmoving party the benefit of any inferences that can logically be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). It is not the Court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994)(quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)).

"A mere scintilla of evidence is insufficient to avoid summary judgment." *Id*. Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986). When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails to create a genuine issue of material fact. E.D. Ark. L.R. 56.1(c)("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party . . .").

## II.    Exhaustion of Administrative Remedies

It is clear from Plaintiff's responses that he believes he has been wronged by Correctional Medical Services personnel. Yet Plaintiff's claims fail because he has not first sought relief through administrative remedies available to him. While Plaintiff might perceive the Court's findings are unfairly technical, the law very clearly and explicitly requires exhaustion before he may proceed with his federal case. Accordingly, for the reasons more fully developed below, the Court concludes that Defendant's Motion for Summary Judgement is proper and Plaintiff's claims must be dismissed.

The Prison Litigation Reform Act, at 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), even when the prisoner seeks relief that is not available through the prison administrative process, such as money damages, *Booth v. Churner*, 532 U.S. 731 (2001). Further, § 1997e(a) requires "proper exhaustion," meaning the prisoner must fully exhaust the prison remedies that are available,

including complying with the administrative deadlines and other critical procedural rules, or face the possibility of the loss of the claim for procedural default. *Woodford v. Ngo*, 548 U.S. 81, 87-103 (2006). When multiple prison condition claims have been joined, the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.2000)(per curiam). Exhaustion of all administrative remedies means a prisoner must use all steps required by the Department of Correction and must follow such steps properly. *Woodford v. Ngo*, 548 U.S. 81 (2006) (§ 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id.* Finally, the exhaustion requirement is an affirmative defense that must be pled and proved by the defendant. *Jones v. Bock*, 549 U.S. 199, 211-217 (2007).

In support of their motions, the Defendants have provided an affidavit executed by Charlotte Gardner, employed by the Arkansas Department of Correction as a Medical Grievance Investigator and custodian of the Arkansas Department of Correction "records relating to the appeal of any medical or mental health grievance filed by inmates . . ." (Doc. No. 22-2). She states she "reviewed the Arkansas Department of Correction's grievance records pertaining to [Plaintiff] from December 8, 2008 through the present. Mr.Brewer did not exhaust any grievance to the Deputy Director of Health and Correctional Programs during this period of time." *Id.* Accompanying her statement is a copy of the Arkansas Department of Correction Administrative Directive No. 09-01, AR 835: Grievance Procedures for Offenders which applies to both the Arkansas Department of Correction and to Correctional Medical Services, the health services provider for the Department.

**III.     Merits of Plaintiff's Responses**

Plaintiff, in his several responses (Doc. Nos. 47, 53, & 54), does not challenge the substance of Defendants' assertion about exhaustion. Plaintiff instead argues that exhaustion is not required for three reasons: 1) Defendants Bowman and Griffin are not "state employees;" 2) his claims are not related to "prison conditions" and therefore are not subject to the requirements of the Prison Litigation Reform Act; and 3) Correctional Medical Services is not a "state actor" and does not have a grievance procedure in place.

Title 42 of the United States Code, § 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2nd Cir.1993)(citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

In order to pursue any remedies against Defendants in this court for violation of constitutional rights, those defendants must be "state actors," otherwise known as persons "acting under color of state law." If the Court adopts Plaintiff's argument that the Defendants are not state actors, then his claims have no constitutional implication and he has alleged only malpractice claims against the medical personnel and their employer. In that case, there is no original federal court jurisdiction for

this Court to consider what would be state-law tort claims. 42 U.S.C.A. § 1983 and 28 U.S.C.A. §1367.

The PLRA provides that no action shall be brought with respect to "prison conditions" under § 1983 until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a) This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," *Porter*, 534 U.S. at 532.

The Supreme Court has specifically found that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "If exhaustion was not completed at the time of filing, dismissal is mandatory," *Johnson*, 340 F.3d at 627, and the district court has no discretion on the issue. *Porter,* 534 U.S. at 524. Therefore, Defendants' motion for summary judgment on exhaustion grounds should be granted.

**IV.  Conclusion**

IT IS THEREFORE RECOMMENDED that:

1. Defendants' Motions for Summary Judgment (Doc. Nos. 22, 40 & 60) be GRANTED;

2. Plaintiff's claims be dismissed without prejudice;

3. All remaining pending Motions be DENIED as moot; and

4.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith

DATED this 25th day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE